IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHERI VIGODA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 4:10-CV-146 |
| | § | |
| OFFICE DEPOT OF TEXAS, L.P. | § | |
| and OFFICE DEPOT, INC., | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendants' Motion for Summary Judgment (Dkt. 26). Having reviewed the summary judgment record, the Court finds the motion should be DENIED.

### BACKGROUND

In this employment suit, Plaintiff asserts claims alleging retaliation in violation of the Family and Medical Leave Act ("FMLA"). According to Plaintiff, she started as an Assistant Manager in May 2004 at an Office Depot store in Lewisville, Texas, and, after receiving positive performance reviews was promoted to a Store Manager position at a store in Addison, Texas in April 2006. In 2007, after she continued to receive "exceeds expectations" performance reviews and even claims to have been awarded a trip based on her store's sales, Plaintiff was transferred to be the Store Manager at the Office Depot in Frisco, Texas, a store Plaintiff claims was known to have low sales in the region. After transferring to this store, Plaintiff's performance reviews shifted to the level of "meets expectations" but Plaintiff continued to receive merit-based raises. While Plaintiff was

1

manager, several store employees resigned.

On February 27, 2008, after the death of her father, Plaintiff requested leave under the FMLA to care for her mother. Such leave was approved. When her leave period terminated on March 31, 2008, Plaintiff returned to work at Office Depot. Upon her return or shortly thereafter (there is some dispute as to the exact timing), she learned that she had been demoted to the position of Assistant Store Manager and that her pay had been cut. According to Plaintiff, her supervisor informed her that she was being demoted because she had not called to check on the store while she was on leave and therefore not dedicated enough to be a Store Manager. According to Defendants, Plaintiff was demoted – not because she took FMLA leave but – because the management team working under Plaintiff had all quit as a result of Plaintiff's poor leadership and management skills. After she was demoted, Plaintiff was transferred to work as the Assistant Store Manager at an Office Depot store in Plano, Texas. Then, in January 2010, Plaintiff applied to be the Store Manager for the Lewisville, Texas store. She was not selected.

Plaintiff claims that her post-leave demotion and the refusal to select her for the Lewisville Store Manager position were both done in violation of the FMLA. Defendants now seek summary judgment as to all of Plaintiff's claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D.

TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

**ANALYSIS**

**Plaintiff's FMLA Claims**

In this case, Plaintiff complains that her demotion and failure to be selected as a store manager constituted unlawful acts under the FMLA. "The Fifth Circuit applies the *McDonnell Douglas* framework to analyze retaliation claims under the FMLA, noting that there is no significant difference between such claims under the FMLA and similar claims under other anti-discrimination laws." *Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 768 (5th Cir. 2001) (internal citations omitted).

To make a *prima facie* case for retaliation under the FMLA, a plaintiff must show that: (1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and that (3) either (a) she was treated less favorably than an employee who had not requested leave under the FMLA or (b) the adverse decision was made because she took FMLA leave. *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). "The FMLA was enacted to permit employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." *Id.* (citing 29 U.S.C. § 2601(b)(2)).

Once Plaintiff makes a *prima facie* showing, the burden shifts to the defendant to articulate a legitimate nondiscriminatory or nonretaliatory reason for the employment action. *Hunt*, 277 F.3d at 768; *Richardson v. Monitronics Intern., Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). Once the

4

defendant makes this showing, the burden shifts back to the plaintiff to show by a preponderance of the evidence that the employer's reason is pretextual. *Id.*

*Prima Facie Case under FMLA*

The Court will first address whether Plaintiff has made a *prima facie* case for retaliation under the FMLA. Having reviewed the evidence before it, the Court finds that Plaintiff has satisfied this burden.

First, it appears undisputed that Plaintiff was entitled to protection under the FMLA or that she suffered an adverse employment action. Thus, the Court's focus shifts to whether Plaintiff has offered evidence to show that she was treated less favorably than an employee who had not requested leave under the FMLA or that the adverse decision was made because she took FMLA leave. "When evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the temporal proximity between the FMLA leave, and the termination." *Mauder v. Metropolitan Transit Authority of Harris County, Tex.*, 446 F.3d 574, 583 (5th Cir. 2006). Here, while the exact timeline is in dispute, it is clear that Plaintiff was demoted either immediately upon or within days of returning from her month-long leave. The evidence before the Court of temporal proximity is sufficient to create a fact issue as to causation of the demotion. Further, although the failure to promote her occurred almost two years after her FMLA leave, the Court finds that the evidence before it also creates a fact issue as to whether it was a continued result of her FMLA leave. In particular, the summary judgment record indicates that Plaintiff's performance reviews continued to suffer after she returned from her leave.[1] In light of the entire record before it and making all

---

[1] The Court notes that if Plaintiff fails to produce sufficient evidence to support this – or any – element of her claim at the time of trial, Defendants may bring an appropriate motion under

inferences in favor of Plaintiff (as the Court is required to do at the summary judgment phase), the Court finds Plaintiff has satisfied her summary judgment burden in demonstrating the necessary causal connection between the leave request and her demotion and lack of promotion to show a *prima facie* case under FMLA.

*Nondiscriminatory Reason and Pretext*

Because the Court finds that Plaintiff has made a *prima facie* showing here, the burden shifts to Defendants to show a legitimate nondiscriminatory or nonretaliatory reason for the employment action. *Richardson*, 434 F.3d at 332.

Here, the Court finds that Defendants have offered sufficient summary judgment evidence to create a fact issue as to whether, as they argue, she was demoted for poor leadership and inadequate store management. Specifically, the declaration of her supervisor, Greymi Rosa, a District Manager for Office Depot, indicates that Plaintiff failed to "rise to the challenges" presented by managing the Frisco store and that she struggled with team building. Dkt. 27-8. In particular, Rosa states that Plaintiff was demoted because the entire management team under her resigned between February and March 2008 (a time which included her FMLA leave) and that the resignations were attributed to Plaintiff's poor leadership skills. Defendants have also offered Plaintiff's performance evaluation, which was issued the fall prior to her FMLA leave. This evaluation contains several areas in which Plaintiff's performance as a manager was "unsatisfactory" or "needs improvement." Dkt. 27-9. Such evidence supports Defendants' contention that she was demoted because of her performance, not because she took leave.

---

Rule 50. At this time, however, the fact issues as the Court understands the record are sufficient to proceed to trial.

As to the failure to promote Plaintiff to the position of manager in 2010, Defendant has offered the declaration of William Certain, her supervisor at the time she applied. Certain's declaration indicates that he did not endorse her application for manager because he did not believe she was performing at a manager level. *See* Dkt. 27-10.

With Defendant's burden satisfied, the burden shifts back to Plaintiff to show that the reasons given for Plaintiff's demotion and lack of promotion were false or pretextual. The Court finds that the record before it creates a fact issue as to pretext.

The summary judgment record contains, for example, deposition testimony from Plaintiff to indicate that Plaintiff was told by her supervisor that she was being demoted because she failed to call and check on the store while she was on leave. While Defendants ask the Court to characterize this testimony as evidence that conclusively shows that the demotion was unrelated to her leave, the Court finds that such testimony could indicate just the opposite – that she was demoted as a result of her FMLA leave. The Court declines to engage in a game of semantics to determine whether Plaintiff's supervisor being upset for her failing to call to check in while on leave equates to Plaintiff's supervisor being upset for Plaintiff taking leave. Such is a matter of credibility for the jury to hear, weigh, and ultimately determine.

Both Plaintiff and Defendants have offered Plaintiff's performance evaluations – and the evaluations of others who were ultimately selected for managerial positions. While some of these evaluations could support Defendants' argument that Plaintiff was performing poorly, others could support Plaintiff's position that her performance did not justify her demotion or lack of promotion. The Court finds that this evidence, in conjunction with the deposition testimony regarding Plaintiff's

failure to report in during her leave, creates a fact issue as to whether the reason for her demotion and lack of promotion is credible. The jury is in the best position to determine the reasons for Plaintiff's post-leave treatment by her employer. These facts and this record simply are not appropriate for summary judgment.

*Interference Claim*

While the Court finds that the case shall proceed to trial because of the many fact issues implicated by the record, the Court will briefly address an issue raised in the summary judgment briefing. There is some dispute between the parties as to whether Defendants' motion for summary judgment was intended to be a full or partial motion for summary judgment. Specifically, Plaintiff has argued that Defendants failed to move for summary judgment on her interference claim, making their motion a motion for partial – rather than full and final – summary judgment. Defendants have argued that Plaintiff's claims in this suit are not interference claims and therefore no motion was required as to that claim.

The Court finds that Plaintiff has pleaded an interference claim. In her Original Complaint, Plaintiff alleges that Defendants' actions "constitute unlawful interference, discrimination and/or retaliation against Plaintiff under the Family and Medical Leave Act." Dkt. 1 at ¶3. It is unlawful under the FMLA for an employer "to interfere with, restrain or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). And, "the right to reinstatement upon return from leave is a right protected by FMLA's interference provision." *Ford-Evans v. Smith*, 206 Fed. Appx. 332, 335 (5th Cir. 2006). As is noted above, in this case, there is a fact issue as to whether Plaintiff was demoted immediately upon her return or several days after

and whether she was deprived of her right to return as a manager after her FMLA leave. However Defendants' motion is construed, the Court finds that there is sufficient evidence in the summary judgment record to preclude the grant of summary judgment on her interference claim. Whether an interference claim will ultimately be presented to the jury for resolution will – as with all claims alleged here – depend upon the evidence presented at trial. At this point, however, the interference claim remains.

Therefore, as set forth fully above, Defendants' Motion for Summary Judgment (Dkt. 26) is DENIED as to Plaintiff's FMLA retaliation, discrimination and interference claims, and those claims shall proceed to trial.

**SO ORDERED.**

**SIGNED this 19th day of May, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE